UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shane Edward Foxworth, # 200737, | ) **C/A No. 8:08-2795-CMC-BHH** |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Simon Major Jr., Director Sumter-Lee Regional Detention Center; | ) |
| President Jeffrey Reason, Southern Health Partners, Inc.; | ) |
| Officer Mike Ducum, SLRDC; | ) |
| Captain Oliver Wiley, SLRDC; | ) |
| Major Darryl McGhaney, SLRDC; | ) |
| Captain Ronald Giullard, SLRDC; | ) |
| Jimmy Locosta, County Administrator, Lee County; | ) |
| Ms. Flora Laraque, LPN, Southern Health Partners, Inc.; | ) |
| Lieutenant Patricia McMillan, SLRDC; | ) |
| Officer Barry Windham, SLRDC; | ) |
| Ms. Crystal McKay, LPN, Southern Health Partners, Inc.; | ) |
| Ms. Lashawn Fontain, Med-Tech, Southern Health Partners, Inc.; | ) |
| Sergeant Milton Brooks, SLRDC; | ) |
| Officer Hope Green, SLRDC, | ) |
| | ) |
| Defendants. | ) |

_____

This is a civil action filed by a prisoner confined at a local detention facility. Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

1

In an order filed in this case on August 20, 2008, the undersigned authorized service of process upon the defendants. Various counsel of record have entered appearances on behalf of most of the defendants.

On December 3, 2008, the United States Marshal submitted summonses "returned unexecuted" (Entry No. 29) for Crystal McKay, Lashawn Fountain, and Jimmy Locosta. Since counsel has already entered a general appearance on behalf of Crystal McKay and Lashawn Fontain, *see* Entry No. 22, the Marshal's inability to effect formal service upon Crystal McKay and Lashawn Fontain was, so to speak, rendered "moot" by the general appearance by their counsel. One defendant — Jimmy Locosta (County Administrator for Lee County) — has not been served.[1]

In an order (Entry No. 32) filed in this case on December 8, 2008, the undersigned apprised the plaintiff of Rule 4(m) of the Federal Rules of Civil Procedure and directed the plaintiff to submit a new summons and Form USM-285 for Jimmy Locosta within twenty days. The plaintiff has not responded to the order of December 8, 2008.

### *Discussion*

Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides that unless a defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action *without prejudice* as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if a defendant is not served within 120 days.

---

[1] Jimmy Locosta is now the former County Administrator of Lee County.

*See*, *e.g.*, *Mendez v. Elliott*, 45 F.3d 75, 78-80 (4th Cir. 1995) (collecting cases);[2] *Epstein v. White*, 1991 U.S.Dist. LEXIS 14888, 1991 WL 214152 (N.D. Ill., Oct. 18, 1991), *reconsideration denied*, *Epstein v. Frye*, 1992 U.S.Dist. LEXIS 13574, 1992 WL 225566 (N.D. Ill., Sept. 8, 1992); and *cf. Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991).

### *Recommendation*

It is recommended that the District Court, pursuant to Fed. R. Civ. 4(m), dismiss Jimmy Locosta *without prejudice* for failure of service of process. The attention of the parties is directed to the Notice on the next page.

January 13, 2009                                    s/Bruce Howe Hendricks
Greenville, South Carolina                United States Magistrate Judge

---

[2] Other courts were not kindly disposed to the holding in *Mendez v. Elliott*. In *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999) ("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of *Mendez* is seriously in doubt."), the district court concluded that *Mendez v. Elliott* was superannuated by *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule *Mendez v. Elliott*. *See Melton v. TYCO Valves & Controls, Inc.*, 211 F.R.D. 288, 289-90 (D. Md. 2002) ("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527.").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).