IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Shane Edward Foxworth, #200737 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Simon Major, Jr., Director )<br>of Sumter/Lee Regional )<br>Detention Center; Jeffrey A. )<br>Reason, President of Southern )<br>Health Partners, Inc.; Flora )<br>Laraque, LPN at Southern )<br>Health Partners; Crystal McKay, )<br>LPN at Southern Health Partners; )<br>Lashawn Fontain, Med-Tech at )<br>Southern Health Partners; Officer )<br>Mike Duncum; Cpt. Oliver )<br>Wiley; Major Darryl McGhaney; )<br>Cpt. Ronald Giullard; Lt. Patricia )<br>McMillan; Officer Barry Windham; )<br>Sgt. Milton Brooks; and Sgt. )<br>Hope Green, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 8:08-2795-CMC-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motions to dismiss (Dkt. # 15) and for summary judgment (Dkt. # 22 and 26) and the plaintiff's motion for summary judgment (Dkt. # 41).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on August 11, 2008, seeking damages for alleged civil rights violations  On October 14, 2008, the defendant Jeffrey A. Reason filed a motion to dismiss. By order filed October 15, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309

(4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 6, 2008, the defendants Crystal McKay, Lashawn Fontain, Jeffrey A Reason, Flora Laraque also filed a motion for summary judgment.[1] By order filed November 7, 2008, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On December 2, 2008, the remaining defendants Patricia McMillan, Barry Windham, Milton Brooks, Hope Green, Simon Major, Jr, Mike Duncum, Oliver Wiley, Darryl McGhaney, and Ronald Giullard filed a separate motion for summary judgment. By order filed December 3, 2008, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 3, 2009, the plaintiff filed a response opposing the defendants' summary judgment motions and his own motion for summary judgment.

## I. FACTS

The plaintiff is a pre-trial detainee currently incarcerated in the Sumter/Lee Regional Detention Center ("SLRDC"). In his complaint, the plaintiff alleges that while he was walking down stairs at the SLRDC with his cellmate to use the phone on April 17, 2008, his cellmate fell into him from behind and they both fell down the remaining stairs. (Compl. at 3.) He states that he and his cellmate were handcuffed together and "unescorted" down the stairs - meaning an officer was not by their side but rather remained at the top of the stairs. (*Id.*)

---

[1] It appears that the defendant Flora Laraque's last name is actually York-Laraque. (Dkt. # 22 - Defs.' Mem. Supp. Summ. J. Mot. Attach. # 2 Laraque Aff.) Further, it appears that Duncom's last name is actually Ducom. (Dkt. # 26 -Defs.' Mem. Supp. Summ. J. Mot. Attach. # 3.) Attach. However, the undersigned will refer to these defendants as Laraque and Duncom as this is how their names appear on the docket.

After he fell, the plaintiff alleges that Lt. McMillan instructed Officer Windham to return the plaintiff to his cell because Lt. McMillan stated the plaintiff was not hurt. (*Id.*) The plaintiff states that Sgt. Brooks then arrived and advised Lt. McMillan and Officer Windham to follow procedure and call medical personnel. Nurses McKay and Harrison arrived and stated that the plaintiff should be returned to his cell. The plaintiff alleges, however, that Sgt. Brooks again intervened and stated that they should call 911 as the plaintiff states he was bleeding and complained of multiple injuries. (Compl. at 4.) The plaintiff was transported to Tuomey Regional Medical Center where he arrived forty-five minutes after he fell.

The plaintiff states that he was diagnosed with "[i]njuries sustained to the left shoulder, neck, lower back and multiple contussions to the right foot. Along with a head injury that resulted in a mild concussion." (*Id.*) The plaintiff alleges that after returning from the hospital, he was again denied his prescribed medications by the defendant Nurse Laraque. (*Id.*)

Specifically, the plaintiff states that the defendant Simon Major and his subordinate staff and the staff of Southern Health Partners are responsible for inflicting cruel and unusual punishment on him. (Compl. at 5.) He is seeking actual damages (current and future medical expenses), punitive damages, and an order requiring that he be housed somewhere other than SLRDC. (*Id.*)

## II. APPLICABLE LAW

Rule 56 of the Federal Rules of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

3

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### III. DISCUSSION

#### A. Motion to Dismiss by Defendant Reason

The defendant Reason has filed a motion to dismiss on the ground that the plaintiff has failed to state a claim of medical indifference against him. Reason alleges that as an

executive of Southern Health Partners, he is not a proper defendant. Specifically, he alleges he was not present at the time of the incident nor was he a member of the medical staff at the SLRDC. The undersigned agrees.

It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). A medical indifference claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received. *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir. 1977). To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir .1994). Further, in the context of a medical indifference claim, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison medical provider's performance, or was indifferent to a prison medical provider's constitutional violation. *Miltier*, 896 F.2d 848 at 854.

Here, the plaintiff has presented no evidence that the defendant Reason was personally connected to the treatment the plaintiff received or that he had actual knowledge and disregarded a substantial risk of serious injury to the plaintiff resulting from the alleged lack of medical care. The plaintiff has also failed to provide any evidence demonstrating that a response by this defendant was inadequate and/or that his inaction caused any

5

constitutional injury. Thus, the defendant Reason cannot be held liable under a respondeat superior theory under § 1983 for the plaintiff's alleged lack of medical care. Accordingly, it is recommended that the defendant Reason's motion to dismiss be granted.[2]

**B. Motion for Summary Judgment by the Defendants McKay, Fontain, Reason, Laraque**

The medical defendants McKay, Fontain, Reason, and Laraque have also filed a motion for summary judgment. These defendants contend that the plaintiff has failed to provide any evidence of deliberate indifference to the plaintiff's serious medical needs on their part nor has he shown that they denied him treatment and/or medication. The undersigned agrees.

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was

---

[2]Reason has also moved for summary judgment with the other medical personnel as discussed below.

6

aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986).  "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

It is undisputed that the plaintiff was given medical care after he fell.  Viewing the complaint in a light most favorable to the plaintiff, at best, there was delay in treating the plaintiff. "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176, 1188 (11th Cir.1994).  A medical need is serious if a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D. Va. 1995).

Here, the plaintiff has failed to allege how any such delay in his treatment resulted in a detrimental effect or has caused him a life-long handicap or permanent loss.   In his complaint, the plaintiff alleges he was diagnosed with "[i]njuries sustained to the left shoulder, neck, lower back and multiple contussions to the right foot.  Along with a head injury that resulted in a mild concussion."   (Compl. at 4.)[3]  However, the plaintiff's medical records do not support his allegations. *See Stanley v. Hejirika,* 134 F.3d 629, 637-38 (4th Cir.1998)(relying on plaintiff's medical records for analysis of type and extent of plaintiff's injuries); *see also Norman v. Taylor,* 25 F.3d at 1263-64 (relying on plaintiff's medical

---

[3] The plaintiff states that while his "injuries may not be significant, they were not insignificant either." (Pl.'s Mem. Opp. Summ. J. Mot. at 7.)

records and affidavit of prison official to refute plaintiff's claims of injury and their severity). The medical records show that the plaintiff's x-rays and CT scan were normal and showed no injuries. (Dkt. # 22 - Defs.' Mem. Supp. Summ. J. Mot. Attach. # 3 Ex. B at 7-13.) Further, the plaintiff was diagnosed with a closed "minor head injury, contussion." (*Id.* at 5.) The plaintiff's medical records specifically state that he did not suffer a concussion which is described as a more severe head injury. (*Id.*)

The plaintiff was released from Tuomey that same day and prescribed 600 mg of Motrin for pain and Doxy-Caps. (*Id.*) (Dkt. # 22 - Defs.' Mem. Supp. Summ. J. Mot. Attach. # 3 Ex. B at 5.) The plaintiff also alleges the defendant Nurse Laraque failed to provide him with these medications after April 21, 2007. Again, however, the plaintiff has failed to allege any injury based upon this alleged denial of treatment which has caused him "'to suffer a life-long handicap or permanent loss.'" *Coppage,* 906 F.Supp. at 1037. Accordingly, the defendants' summary judgment motion should be granted.

**C. Motion for Summary Judgment by the Defendants Director Major, Officer Duncum, Captain Wiley, Major McGhaney, Captain Giullard, Lt. McMillan, Officer Windham, Sgt. Brooks, and Sgt. Green**

The defendants Director Major, Officer Duncum, Captain Wiley, Major McGhaney, Captain Giullard, Lt. McMillan, Officer Windham, Sgt. Brooks, and Sgt. Green have filed a motion for summary judgment. They contend that the plaintiff has failed to state a claim against them because these defendants did not cause the plaintiff to fall or have any knowledge that he might fall and they were not involved in providing medical care to inmates at SLRDC. The defendant Major also contends that he is not liable as the Director of the SLRDC.

**1. Claims against the Defendant Simon Major as Director of SLRDC**

The plaintiff alleges the defendant Major is liable because as the Director of SLRDC he "approves all policy's [sic] and rules and regulations at SLRDC." (Pl.'s Mem. Opp. Summ. J. Mot. at 5.) The plaintiff specifically contends that it is SLRDC's policy that requires inmates to be handcuffed while being escorted down stairs. (*Id.*)

8

The plaintiff has failed to present evidence sufficient to give rise to a genuine issue of fact as to whether his constitutional rights were violated by the defendant Major. As a pretrial detainee, the plaintiff's conditions of confinement while incarcerated at the SLRCDC are evaluated under the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979). Under the due process clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. *Id.* The question is whether there is evidence as to whether the plaintiff was denied the minimal civilized measure of life's necessities or whether any of the defendants engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result." *Farmer v. Brennan,* 114 S.Ct. 1970, 1978-1979 (1994); *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir. 1988) (holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections). Additionally, jail administrators are accorded wide deference in determining the policies and procedures which apply in such a setting, particularly when dealing with threats to institutional security by inmates. *See Block v. Rutherford*, 468 U.S. 576, 584-585 (1984) (holding prison administrators should be accorded wide ranging deference in the adoption and execution of policies that in their judgment are needed to preserve internal order and discipline and to maintain institutional security). There is no evidence that Major enacted this policy "for the very purpose of causing harm or with the knowledge that harm [would] result." In fact, the undersigned notes that there is no evidence that Major personally enacted this policy.[4]

To the extent that the plaintiff has attempted to raise a medical indifference claim against the defendant Major under the theory of supervisor liability, this claim also fails. As discussed above, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a

---

[4]Furthermore, the plaintiff also states that he is not sure if this is actually SLRDC policy. (Pl.'s Mem. Opp. Summ. J. Mot. at 5.)

9

prison medical provider's performance, or was indifferent to a prison medical provider's constitutional violation. *Miltier,* 896 F.2d 848 at 854. Here, the plaintiff has presented no evidence that the defendant Major had actual knowledge and disregarded a substantial risk of serious injury to the plaintiff resulting from the alleged lack of medical care. Further, as noted above, the plaintiff has not presented any evidence to show that the suffered a compensable injury as a result of this treatment. *Strickler*, 989 F.2d at 1380-1381, n. 9 (4th Cir. 1993). Accordingly, it is recommended that the defendant Major be dismissed.

### 2. Conditions of Confinement/Failure to Protect Claims

The plaintiff appears to argue that the defendants violated his constitutional rights by having him walk down a flight of stairs unescorted while handcuffed to his cellmate. (Pl.'s Mem. Opp. Summ. J. Mot. at 2, 5-6.) Additionally, the plaintiff alleges because his cellmate had recently been sentenced, the defendants violated SLRDC policy which prohibits sentenced inmates from being housed with pre-trial detainees. Based on this allegation, he alleges that the defendants failed to protect him and he presumably argues the fall "would have been prevented if policy had been followed and not had [him] in a room with a sentenced inmate who could have been capable of who knows what." (Pl.'s Mem. Opp. Summ. J. Mot. at 6.)

Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Farmer v. Brennan,* 511 U.S. 825(1994). The test for whether a prison official acts with deliberate indifference is a subjective one: the

official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993). Further, the plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment. *Id.* at 1380-1381. To survive summary judgment, the plaintiff must show more than de minimis pain or injury.

As noted above, the plaintiff's medical records establish that the plaintiff suffered nothing more than a de minimis injury.  At Toumey,  x-rays were taken of the plaintiff's left hip, left elbow, his cervical spine, his left shoulder, his right foot and a CT scan of his head and the results of these tests were normal and no injuries were noted.  The plaintiff was diagnosed with a mild contussion - not a concussion as the plaintiff alleges in his complaint.

Even assuming for purposes of summary judgment that SLRDC policy was violated when the plaintiff was housed with a sentenced inmate, violations of jail policies or procedures do not amount to violations of constitutional rights prosecutable in this Court in a § 1983 civil rights action.  *Keeler v. Pea,* 782 F.Supp. 42, 44  (D.S.C. 1992); *Riccio v. County of Fairfax,* 907 F.2d 1459, 1469 (4th Cir. 1990).  Moreover, it was not the housing of the plaintiff with a sentenced inmate which caused the plaintiff to fall.  In fact, the plaintiff has not alleged *any* harm from being housed with a sentenced inmate.  Accordingly, as the plaintiff has failed to state a claim regarding the conditions of his confinement.

### 3. Medical Indifference Claims

The undersigned also recommends the medical indifference claims be dismissed against all the defendants for failure to state a claim as discussed above.  In addition, the plaintiff's claims of medical indifference against these non-medical defendants (Major,

Duncum, Wiley, McGhaney, Giullard, McMillan, Windham, Brooks, and Green) should also be dismissed for the following additional reason.

The Fourth Circuit has held that to bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*. Under these principles, the plaintiff has not alleged facts stating any claim actionable under § 1983 regarding his course of medical treatment against the non-medical defendants Major, Ducum, Wiley, McGhaney, Giullard, McMillan, Windham, Brooks, and Green.

### D. State Law Claims

To the extent that the plaintiff states additional claims under state law (i.e. negligence), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

### IV. CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant Reason's Motion to Dismiss (Dkt. # 15) and the Defendants' Motions for Summary Judgment (Dkt. # 22 and 26) be GRANTED; and the Plaintiff's Motion for Summary Judgment (Dkt. # 41) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

July 8, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**